IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-cv-1130 |
| | : | |
| vs. | : | Judge Michael H. Watson |
| | : | |
| MICHAEL COLVIN, | : | Magistrate Judge Terence P. Kemp |
| | : | |
| Defendant. | : | |

### DEFENDANT MICHAEL COLVIN's MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant Michael Colvin, respectfully request that the Court grant him leave to file an Amended Answer to Plaintiff's Amended Complaint. Good cause exists to grant this Motion as detailed in the following Memorandum in Support.

Respectfully submitted,

/s/ Kessia C. Cericola
Kessia C. Cericola (0091047)
*Trial Attorney*
Email: kcericola@dahmanlaw.com
Samir B. Dahman  (0082647)
Email: sdahman@dahmanlaw.com
DAHMAN LAW, LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
Tel:  614.636.1256
Fax: 614.633.3366

*Counsel for Defendant Michael Colvin*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION.

Defendant Michael Colvin ("Mr. Colvin") seeks leave of Court to file an Amended Answer to Plaintiff Malibu Media, LLC's ("Malibu Media") Amended Complaint [Doc. No. 5]. Mr. Colvin's Amended Answer seeks to modify and supplement the answers that he previously provided to the Amended Complaint as a *pro se* defendant, in response to Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 10] (the "Motion to Strike Affirmative Defenses").

Malibu Media filed its Motion to Strike Defendant's Untimely and Improperly Filed Amended Answer [Doc. No. 19] (the "Motion to Strike Amended Answer"), and refuses to consent to an amendment of the responses without a decision from the Court. Accordingly, in the interest of justice, Mr. Colvin respectfully requests that the Court grant him leave to proactively amend his responses.

### II. PROCEDURAL HISTORY.

Malibu Media filed its Complaint [Doc. No. 1] on August 6, 2014 and its Amended Complaint on November 17, 2014. (See Amended Complaint ¶ 36 [Doc No. 5].)

On December 17, 2014, Mr. Colvin filed an Answer to the Complaint and Defenses [Doc. No. 9] (the "Answer") as a *pro se* defendant. Mr. Colvin answered each of the Malibu Media's thirty-five (35) paragraphs as best as possible given the information available and the fact that he is not an attorney. (See Answer ¶¶ 1–35.) Mr. Colvin also offered eleven (11) affirmative defenses to Plaintiff's claims. (Id.

2

at 36–52.)  On January 7, 2015, Plaintiff filed its Motion to Strike Affirmative Defenses, seeking to strike all but one of Mr. Colvin's affirmative defenses.  (See generally Motion to Strike Affirmative Defenses.)

On January 21, 2015, Mr. Colvin retained counsel to represent him in this lawsuit.  (See Declaration of Kessia Cericola (the "Cericola Dec."), attached as Exhibit A, ¶ 3.)  On January 27, 2015, the undersigned ("Defense Counsel") filed Mr. Colvin's Amended Answer to the Amended Complaint [Doc. No. 14] (the "Amended Answer").  The Amended Answer sought to:  (i) clarify Mr. Colvin's position regarding the alleged copyright infringements, (ii) eliminate all of the defenses addressed by Plaintiff's Motion to Strike the Amended Answer, and (iii) raise two defenses that Mr. Colvin was unable to raise due to his lack of knowledge of the law.  (See generally Amended Answer.)

Defense Counsel inadvertently filed the Amended Answer without seeking Plaintiff's consent or the Court's leave.  (See Cericola Dec. ¶ 4.)  Defense Counsel did not act in bad faith and did not intend to cause undue delay.  (See Cericola Dec. ¶ 5.)  Plaintiff's counsel expressed his desire to move to strike the Amended Answer during the February 17th Pretrial Conference, and agreed to speak with Defense Counsel regarding the issue.  (See id. ¶ 6.)  That same day, Defense Counsel reached out to Plaintiff's counsel via email in an attempt to clarify the issue.  (See id. ¶ 7.)  On February 18, 2015, Plaintiff filed its Motion to Strike the Amended Answer.  (See generally Motion to Strike Amended Answer [Doc. No. 19].)  Defense Counsel immediately emailed Plaintiff's Counsel requesting his consent to file an Amended Answer.  (See

3

Cericola Dec. ¶ 9.)  However, Plaintiff's counsel did not respond to the email.  (See id. ¶ 10.)

Mr. Colvin seeks to amend his Answer, which he filed as a *pro se* defendant.  Yet, Plaintiff's Counsel refuses to resolve the matter extra-judicially by simply consenting to such amendments.  Plaintiff's refusal to consent is the sole reason that the Court is now burdened with this matter.

III.  LAW AND ANALYSIS.

A.  **The Standard for Granting Leave to Amend:  Liberal.**

Federal Rule of Civil Procedure 15(A) provides that a party may amend its pleading by leave of court and that such leave "'should be freely granted when justice so requires.'"  Ohio Willow Wood Co. v. ALPS S., LLC, No. 2:05-cv-1039, 2010 U.S. Dist. LEXIS 19120, *4 (S.D. Ohio Feb. 8, 2010) (Kemp, M.J.) (granting motion for leave to amend answer) (quoting Fed. R. Civ. P. 15(A)(2)).  "Rule 15(a) sets forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'"  Woods v. FacilitySource, LLC, No. 2:13-cv-621, 2014 U.S. Dist. LEXIS 61919, *8–9 (S.D. Ohio May 5, 2014) (quoting Oleson v. United States, 27 F. App'x 566, 568 (6th Cir. 2001)).  The decision to grant leave to amend is left to the broad discretion of the trial court.  Webb v. Chase Manhattan Mortg. Corp., No. 2:05-cv-548, 2007 U.S. Dist. LEXIS 77486, *3 (S.D. Ohio Oct. 18, 2007) (citing General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990)).

The United States Supreme Court and the Sixth Circuit Court of Appeals have clearly outlined the standards and liberal application of Federal Rule of Civil Procedure

15(a).  The Supreme Court ruled on those standards in Foman v. Davis, 371 U.S. 178 (1962).  "In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted."  Ohio Willow Wood Co., 2010 U.S. Dist. LEXIS 19120, at *5.  "Several factors influence whether the Court should allow a party to amend its pleading including 'undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment.'"  Queen v. Park Nat'l Bank, No. 2:09-cv-33, 2010 U.S. Dist. LEXIS 45088, *2 (S.D. Ohio Apr. 5, 2010) (quoting Seals v. Gen. Motors Corp., 546 F.3d 766, 770 (6th Cir. 2008)).

    A party opposing leave to amend must demonstrate that granting such leave would result in *significant* prejudice.  Gerling & Assocs. v. Gearhouse Broad. Pty Ltd., No. 2:10-cv-1074, 2013 U.S. Dist. LEXIS 23651, *2–3 (S.D. Ohio Feb. 21, 2013) (citing Duggins v. Steak 'N Shake, 195 F.3d 828, 834 (6th Cir. 1999)).

    Given that Mr. Colvin was a *pro se* defendant, his amended answers do not materially change his position, and he is forfeiting all of the defenses contested by Malibu Media, it is highly unlikely that significant prejudice exists.  In fact, it is highly unlikely that Malibu Media will suffer *any* prejudice.  Additionally, Mr. Colvin's counsel did not act in bad faith and did not intend to cause undue delay.

    **B.**    **Mr. Colvin Should Be Granted Leave to File an Amended Answer Because He Was a *Pro Se* Defendant, Defense Counsel Did Not Act in Bad Faith, and Plaintiff Will Not be Prejudiced.**

The Court should grant Mr. Colvin leave to file an Amended Answer because Mr. Colvin was a *pro se* defendant and Malibu Media will not be prejudiced. Defendants are not submitting this motion in bad faith or to cause undue delay, and Plaintiff will not be unduly prejudiced because of it. (See Cericola Dec. ¶ 5.) To reiterate, this motion is before the Court because Plaintiff refuses to consent to Mr. Colvin amending his Answer pursuant to Federal Rule of Civil Procedure 15(a)(2). (See id. ¶ 10.)

The case *sub judice* is still in its infancy. The Preliminary Pretrial Conference just took place on February 17, 2015. (See Memorandum of First Pretrial Conference [Doc. No. 20].) Granting leave to file an Amended Answer will not cause any undue delay, and the amended answers will have no effect on discovery, which has yet to commence. Besides, undue delay, standing alone, is not enough to warrant denying a motion to amend. "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Wray v. Am. United Life Ins. Co., 503 F. App'x. 377, 384 (6th Cir. 2012) (citations omitted).

This Court has held that when litigation is in the early stages of discovery, it is unlikely that a plaintiff will suffer "demonstrable prejudice" as a result of granting leave to amend. Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc., No. 2:07-cv-116, 2010 U.S. Dist. LEXIS 114687, *17 (S.D. Ohio Oct. 28, 2010). Such is the case here. Indeed, the discovery deadline is not even close to expiring. Cf. Gerling & Assocs., 2013

6

U.S. Dist. LEXIS 23651 at *3 (denying a motion to amend where the motion was filed after the discovery deadline expired).

When considering whether an amendment will cause undue prejudice, this Court has consistently looked to Phelps v. McClellan, 30 F.3d 658, 662–63 (6th Cir. 1994). See, e.g., Woods, 2014 U.S. Dist. LEXIS 61919, at *9; Gerling & Assocs., 2013 U.S. Dist. LEXIS 23651, at *3; Ohio Willow Wood Co., 2010 U.S. Dist. LEXIS 19120, at *5; Queen, 2010 U.S. Dist. LEXIS 45088, at *2; Inhalation Plastics, Inc., 2010 U.S. Dist. LEXIS 114687, at *16.  In Phelps, the Court considered:

> whether the assertion of the new claim or defense would:  require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff form bringing a timely action in another jurisdiction.

Phelps, 30 F.3d at 662–63.  In other words, "deciding if any prejudice to the opposing party is 'undue' requires the Court to focus on, among other factors, whether an amendment at any stage of the litigation would make the case unduly complex and confusing."  Ohio Willow Wood Co., 2010 U.S. Dist. LEXIS 19120, at *6.

Allowing Mr. Colvin to amend his Answer will not complicate or delay this case; it will merely afford Mr. Colvin the opportunity to benefit from legal representation in this case.  Prior to filing this motion, Defense Counsel sought Malibu Media's consent to amend his answer; Plaintiff's Counsel refused.  (See Cericola Dec. ¶¶ 9–10.)  Such unwillingness to cooperate in order to resolve a simple matter needlessly multiplies proceedings and burdens the Court.  Thus, in the interest of justice, Mr. Colvin requests

that the Court grant him leave to file an Amended Answer to the Amended Complaint so that this litigation may proceed and that this case may be decided on its merits.

**IV.    CONCLUSION.**

For the foregoing reasons, Defendant Michael Colvin respectfully requests that the Court grant his Motion for Leave to File an Amended Answer to Plaintiff's Amended Complaint.

Respectfully submitted,

/s/ Kessia C. Cericola
Kessia C. Cericola (0091047)
*Trial Attorney*
Email:  kcericola@dahmanlaw.com
Samir B. Dahman  (0082647)
Email:  sdahman@dahmanlaw.com
DAHMAN LAW, LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
Tel:  614.636.1256
Fax: 614.633.3366

*Counsel for Defendant Michael Colvin*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing *Motion for Leave to File an Amended Answer to Plaintiff's Amended Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, on March 5, 2015.

/s/ Kessia C. Cericola
Kessia C. Cericola