UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

---

MALIBU MEDIA, LLC,

        Plaintiff,

vs.

MICHAEL COLVIN,

        Defendant.

Case No. 2:14-cv-01130-MHW-TPK

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S UNTIMELY AND IMPROPERLY FILED AMENDED ANSWER**

    Plaintiff Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, files its reply in support of its Motion to Strike Defendant's Untimely and Improperly Filed Amended Answer [CM/ECF 19] and states as follows:

**I.    SUMMARY**

    Plaintiff moved to strike Defendant's amended answer on procedural grounds since it was untimely filed without the requisite leave of court [CM/ECF 19]. In response, Defendant files a motion requesting "that the Court grant him leave to *proactively* [not retroactively] amend his responses" [CM/ECF 23], and asks the Court to construe his later-in-time motion for leave as a response to Plaintiff's preexisting motion to strike [CM/ECF 24]. Defendant's request is improper because Defendant's request for leave is not yet at issue and has nothing to do with the motion-to-strike analysis. Because Defendant effectively concedes that his amended answer was untimely and improperly filed and because he fails to meaningfully respond to Plaintiff's motion to strike, the Court should grant the motion.

1

## II.  PROCEDURAL BACKGROUND & LEGAL MEMORANDUM

On November 17, 2014, Plaintiff filed an amended complaint against Michael Colvin ("Defendant"), alleging that he unlawfully copied and distributed twenty one (21) of Plaintiff's copyrighted works [CM/ECF 5].  Defendant received service, elected to represent himself rather than retain counsel, and filed a *pro se* answer on December 17, 2014, denying liability and raising eleven affirmative defenses [CM/ECF 9].  Although Defendant's affirmative defenses were insufficient as a matter of law, Plaintiff did not immediately move to strike, recognizing that Defendant had until January 7, 2015 to voluntarily amend his answer and revise his defenses.  *See* Fed. R. Civ. P. 15(a)(1).  After Defendant chose not to amend, Plaintiff incurred the time and expense of drafting and filing a 19-page motion to strike, a motion that carefully addressed Defendant's affirmative defenses with citation to and discussion of supporting case law [CM/ECF 10].  This motion, which has not been opposed, remains pending.

Upon receipt of this well-supported motion, Defendant apparently had a change of heart and decided to retain legal representation.  Rather than oppose Plaintiff's motion to strike, Defendant's attorneys filed an "Amended Answer to the Amended Complaint" [CM/ECF 14].  They did this after the amendment period expired, without obtaining undersigned's written consent, and without even seeking, much less obtaining, leave of court.[1]  Given this case's procedural posture, it is obvious that this motion was filed as a way to circumvent having to respond to Plaintiff's motion to strike and so as to resurrect affirmative defenses that were not timely alleged and therefore waived.  On February 18, 2015, Plaintiff thus moved to strike Defendant's untimely and improperly filed amended answer [CM/ECF 19].

---

[1] Had Defendant sought authorization to amend, Plaintiff would have opposed that request on grounds of futility because his new and amended affirmative defenses are still legally insufficient.

2

On March 5, 2015, Defendant thereafter filed two documents. First, Defendant filed a "Motion for Leave to File an Amended Answer to Plaintiff's Complaint" to "request that the Court grant him leave to "*proactively* [not retroactively] amend his responses." [CM/ECF 23]. Defendant's request for leave of court so that he may file an amended answer at some point in the future is not yet at issue and is not relevant to Plaintiff's motion to strike. Plaintiff's response to this motion is not yet due, but Plaintiff intends on opposing the motion on the basis that the waived affirmative defenses that Defendant seeks to resurrect through amendment fail as a matter of law, such that the proposed amendment would be futile.

Second, Defendant filed a "Memo in Opposition to Plaintiff's Motion to Strike Defendant's Amended Answer" [CM/ECF 24]. Defendant's opposition consists of a one paragraph filing that reads:

> The Court should deny Plaintiff's Motion to Strike Defendant's Amended Answer Doc. No. 19 for the reasons stated in Defendant Michael Colvin's Motion for Leave to File an Amended Answer to Plaintiff's Amended Complaint, incorporated herein [CM/ECF 23]. Mr. Colvin's counsel did not act in bad faith and did not intend to cause undue delay. Allowing Mr. Colvin to amend his Answer will not cause any delay and will not impose any prejudice on Plaintiff. For these and the following reasons, Defendant Michael Colvin respectfully requests that this Court deny Plaintiff's Motion to Strike the Amended Answer.

[CM/ECF 24].

In other words, Defendant argues that for the same reason that he "requests that the Court grant him leave to "*proactively* [not retroactively] amend his responses" [CM/ECF 23], the Court should also rule that his previously and improperly filed amended answer survives Plaintiff's motion to strike. Defendant offers no explanation for this contention, does not cite any case law or applicable authority, and does not even address the applicable legal standards that govern Plaintiff's Rule 12(f) motion. Even if Defendant were entitled to the future relief he has recently requested—which, again, Plaintiff will oppose on the basis of futility—that entitlement is

3

irrelevant to Plaintiff's at-issue motion to strike; Defendant's future entitlement to amend in no way retroactively cures the fact that the untimely amended answer Defendant already filed is procedurally improper and due to be stricken pursuant to applicable rules. *Accord, e.g.*, *Jones v. Warden Ross Correctional Inst.*, No. 2:11-cv-871, 2012 WL 3245521, *1 (S.D. Ohio Aug. 9, 2012) ("pleadings which are not timely filed, and for which the Court has not granted an extension, are routinely stricken"); *Amick v. Ohio Dept. of Rehabilitation & Corrections*, No. 2:09-cv-812, 2011 WL 4055246, *2 (S.D. Ohio Sept. 8, 2011) (same); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 545018 (S.D. Ohio Feb. 25, 2008) (striking an untimely answer filed without leave of court); *K.N.H. v. Commissioner of Social Security*, No. 3:07-cv-1738, 2008 WL 4559711, *2 (N.D. Ohio Oct. 7, 2008) ("[T]he filing must be filed within a prescribed time unless leave is granted…. Plaintiff did not obtain leave to file …. The Motion to Strike shall be granted"); *Mattress Giant Corp. v. Motor Advertising & Design, Inc.*, No. 3:07-cv-1728, 2008 WL 8987721, *1 (N.D. Tex. Mar. 31, 2008) (holding that because the defendant filed a responsive pleading after the deadline had expired without first showing excusable neglect and obtaining leave of court, plaintiff was entitled to have the answer stricken).

WHEREFORE, irrespective of Defendant's ability *val non* to obtain leave and amend his answer in the future, Plaintiff respectfully requests that the Court enter an order striking Defendant's untimely and procedurally improper amended answer and affirmative defenses, and granting to Plaintiff any additional and further relief that the Court deems just and equitable under the circumstances.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

    I hereby certify that on March 13, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

 /s/ *Yousef M. Faroniya*

5